**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KINSALE INSURANCE COMPANY,

Plaintiff,

v. CASE NO:

FLORIDA VAPOR BARRIER, LLC,
DEVIN SEAN DZIUBINSKI, ZOFIA
BORON, individually, and ZOFIA
BORON, as Parent and Natural Guardian
of VP, a minor child,

Defendants.
_________________________________/

**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES**

KINSALE INSURANCE COMPANY ("Kinsale") files suit against FLORIDA VAPOR BARRIER, LLC ("Florida Vapor"), DEVIN SEAN DZIUBINSKI, ZOFIA BORON, individually, and ZOFIA BORON, as Parent and Natural Guardian of VP, a minor child ("VP"), and alleges:

**NATURE OF ACTION**

1. This is an action for damages and declaratory relief under 28 U.S.C. § 2201 to determine there is no coverage for claims arising out of an auto accident under an insurance policy that includes an Aircraft, Auto Or Watercraft Exclusion.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

3. Venue is proper in this district because the auto accident occurred in this district, the underlying lawsuit is pending in this district, the insurance policy was issued in this district, and otherwise, a "substantial part of the events … giving rise to the claim occurred in this district." *See* 28 U.S.C. § 1391(b)(2).

4. All conditions precedent occurred, have been performed, or were waived.

## THE PARTIES

5. Kinsale is an Arkansas corporation with its principal place of business in Virginia. Kinsale is accordingly a citizen of Arkansas and Virginia. For purposes of this action, Kinsale is a surplus lines insurer that issued a liability policy to Florida Vapor.

6. Florida Vapor is a Florida limited liability company. Florida Vapor's sole member, Frank Getek, Jr., is domiciled in Pinellas County, Florida. Florida Vapor is accordingly a citizen of Florida.

7. Dziubinski is domiciled in Pinellas County, Florida. Dziubinski is accordingly a citizen llasof Florida.

8. Boron is domiciled in Pinellas County, Florida. Boron is accordingly a citizen of Florida.

9. VP is domiciled in Pinellas County, Florida. VP is accordingly a citizen of Florida.

**THE AUTO ACCIDENT**

10. On 09/04/2024, Dziubinski was involved in an auto accident in while driving for FL Vapor.

11. According to the Crash Report, Dziubinski was driving on US Highway 19 when he "began to hydroplane," travelled over the median and striking multiple vehicles, including a vehicle driven by Boron. (*See* Florida Traffic Crash Report, which is attached as Exhibit "A.")[1]

12. Dziubinski was cited at the scene by a police officer for careless driving. (*Id.*)

13. On 03/07/2025, Boron and VP filed suit against FL Vapor and Dziubinski in circuit court in Pinellas County, Florida, in a lawsuit styled *Zofia*

[1] The Crash Report does not identify VP as an occupant of Boron's vehicle.

*Boron et al. v. Devin Sean Dziubinski et al.*, Case Number 25-001124-CI. (*See* Complaint, which is attached as Exhibit "B.")

14. According to the complaint, on 09/04/2024 Dziubinski "operated a motor vehicle" that was owned by FL Vapor. (*Id*. at ¶¶ 8, 20.)

15. The complaint alleges Dziubinski negligently drove, managed, maintained, and operated the motor vehicle "so that it collided with … Boron's vehicle." (*Id*. at ¶¶ 9, 15, 21, 25.)

16. At the time of the collision, VP was a passenger in Boron's vehicle. (*Id*. at ¶¶ 15, 25.)

17. As a direct and proximate cause of the auto accident, Boron and VP allegedly suffered bodily injury and resulting pain and suffering that was permanent or continuing. (*Id*. at ¶¶ 12, 18, 22, 26.)

## THE KINSALE POLICY

18. FL Vapor applied for and purchased an environmental combined liability policy as the Named Insured, bearing Policy Number 0100272796-0, and effective from 12/08/2023 to 12/08/2024 (the "Policy"). (*See* Policy, which is attached as Exhibit "C.")

19. Kinsale is providing FL Vapor and Dziubinski, as a purported employee of FL Vapor, with a defense in the underlying action under a complete reservation of rights.[2]

**COUNT I – NO COVERAGE UNDER THE AUTO EXCLUSION**

20. Kinsale incorporates paragraphs 1 through 20.

21. The Policy includes an exclusion titled "Aircraft, Auto Or Watercraft" ("Auto Exclusion") that provides:

> **SECTION I – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **2. Exclusions**
>
> This insurance does not apply to: …
>
> **g. Aircraft, Auto, Or Watercraft**
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use, or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage"

[2] Kinsale has no knowledge that FL Vapor has a commercial auto policy. Nor does Kinsale have any knowledge that Dziubinski has a personal auto policy.

> involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured. …

(*See* Ex. C at Form CG 00 01 04 13, Pg. 4/16.)

22. The Policy defines "auto" as either "(a) a land motor vehicle, trailer, or semitrailer designed for travel on public roads, including any attached machinery or equipment; or (b) any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged." (*Id*. at Form CG 00 01 04 13, Pg. 13/16.)

23. The Policy includes an endorsement labeled "ENVIRONMENTAL COMBINED LIABILITY COMMON TERMS AND CONDITIONS," which includes a Duty to Defend exclusion that provides: "Where there is no coverage under the Policy, there is no duty to defend." (*Id*. at Form ECPGEN0001 1022, Pg. 2/11.)

24. FL Vapor and Dziubinski were sued over an auto accident where Dziubinski negligently drove, managed, maintained, and operated a "motor vehicle" that was owned by FL Vapor "so that it collided with … Boron's vehicle." (Ex. B at ¶¶ 9, 15, 20, 21, 25.)

25. Accordingly, Kinsale has no duty to defend or pay damages under the Policy's Auto Exclusion.

**COUNT II – NO COVERAGE UNDER THE**
**'WHO IS AN INSURED' PROVISION**

26. Kinsale incorporates paragraphs 1 through 20.

27. The Policy includes a provision titled "SECTION II – WHO IS AN INSURED" ("Who is An Insured Provision") that provides:

> **SECTION II – WHO IS AN INSURED…**
>
> **2.** Each of the following is also an insured:
>
> **a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture, or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. …

(*See* Ex. C at Form CG 00 01 04 13, Pg. 10/16.)

28. The policy defines "employee" to include a leased worker, but not a temporary worker. (*Id.*, Form CG 00 01 04 13, Pg. 13/16.)

29. To the extent Dziubinski was not an employee who was acting within the scope of his employment with FL Vapor, or was not otherwise performing duties related to the conduct of FL Vapor's business at the time of the auto accident,

Dziubinski does not qualify as an insured and is not entitled to coverage under the policy.

**COUNT III – REIMBURSEMENT OF DEFENSE EXPENSES**

30. Kinsale incorporates paragraphs 1 through 20.

31. In its reservation of rights letter, Kinsale specifically reserved the right to seek reimbursement of attorney's fees and costs incurred by Kinsale defending FL Vapor and Dziubinski. Specifically, Kinsale informed FL Vapor and Dziubinski that Kinsale reserves the right to institute a declaratory judgment action on the issue of coverage under the Policy and seek reimbursement of all attorney's fees and costs incurred, if there is a determination of no coverage, which they accepted.

32. Kinsale has been fully funding the defenses of FL Vapor and Dziubinski, which FL Vapor and Dziubinski accepted.

33. Since there is no coverage, Kinsale is entitled to reimbursement of all attorneys' fees and costs. *See James River Ins. Co. v. Arlington Pebble Creek, LLC*, 188 F. Supp. 3d 1246, 1261 (N.D. Fla. 2016); *see also Houston Spec. Ins. Co. v. Fenstersheib*, 632 F. Supp. 3d 1318, 1334 (S.D. Fla. 2022) ("Because Houston never had a duty to defend and defended only under a complete reservation of rights that expressly

preserved its right to seek reimbursement, Houston is entitled to recoup the defense costs it expended.”).

## <u>RELIEF REQUESTED</u>

Kinsale respectfully requests that the Court:

a) Take jurisdiction and adjudicate the rights of the parties under the Policy.

b) Declare the following:

   i. Kinsale has no duty to defend or indemnify FL Vapor and Dziubinski under the Policy’s Auto Exclusion;

   ii. Kinsale has no duty to defend or indemnify Dziubinski because he does not qualify as an insured under the Policy’s Who Is an Insured Provision.

   iii. Kinsale is entitled to reimbursement of attorneys’ fees and expenses incurred defending FL Vapor and Dziubinski because there is no coverage under the Policy.

c) Award Kinsale all costs to prosecute this action.

d) Award Kinsale any and all other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

<u>/s/SERGIO BUENO</u>
**SINA BAHADORAN**
Florida Bar No. 523364
<u>Sina.Bahadoran@clydeco.us</u>
**SERGIO BUENO**
Florida Bar No. 112401
<u>Sergio.Bueno@clydeco.us</u>

**COLSEN CENTNER**
Florida Bar No. 1058625
Colsen.Centner@clydeco.us

Clyde & Co US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
T: 305.446.2646